IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Gregory Renard Davis, | ) |
| | ) C.A. No. 6:18-1275-HMH-KFM |
| Petitioner, | ) |
| | ) **OPINION & ORDER** |
| vs. | ) |
| | ) |
| B.M. Antonelli, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Gregory Renard Davis ("Davis"), a federal prisoner proceeding pro se, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241, arguing that he is entitled to receive 24 months' prior custody credit toward his federal sentence based on time he spent in state custody. Respondent filed a motion to dismiss. The magistrate judge recommends treating the motion to dismiss as a motion for summary judgment pursuant to Rules 12(d) and 56 of the Federal Rules of Civil Procedure because matters outside the pleadings were considered. The magistrate judge further recommends granting Respondent's motion and dismissing Davis' petition. The magistrate

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

judge recommends dismissal for two reasons: (1) Davis failed to exhaust his administrative remedies, and (2) Davis is not entitled to receive prior custody credit under 18 U.S.C. § 3585(b).

Davis filed objections to the Report and Recommendation on October 18, 2018.[2] (Objs., generally, ECF No. 30.) Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The magistrate judge recommends granting the Respondent's motion and dismissing Davis' petition because Davis did not exhaust his administrative remedies. (R&R 4-6, ECF No. 24.) Because Davis argues that prison staff caused his failure to exhaust administrative remedies, the magistrate judge also addressed the merits of Davis' petition and recommends dismissing Davis' petition because the time for which Davis seeks prior custody credit has already been credited toward his state sentence. (Id. 11-13, ECF No. 24.)

Upon review, the court finds that many of Davis' objections are non-specific, unrelated to the dispositive portions of the Report and Recommendation, or merely restate his claims. Davis did not specifically object to the recommendation that he has not exhausted his administrative remedies and merely restated his claims. However, the court was able to glean one specific objection. Davis objects to the magistrate judge's recommended finding that the controlling statute, 18 U.S.C. § 3585(b), and the United States Supreme Court's interpretation of

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

2

that statute in United States v. Wilson, 503 U.S. 329 (1992), prevent Davis from receiving prior custody credit toward his federal sentence for the time Davis spent in state custody on state charges. (Objs. 4-6, ECF No. 30.) Davis argues that the "traditional use" of § 3585(b) should not apply to him because he was convicted and sentenced in state and federal court for offenses arising from the same operative conduct, rather than for offenses arising from separate events. (Objs. 4-6, ECF No. 30.) This objection is without merit.

Section 3585(b) states that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences," for time "that has not been credited against another sentence." 18 U.S.C. § 3585(b). On March 1, 2006, Davis pled guilty to unlawful delivery of a controlled substance in Illinois state court and was sentenced to six years' imprisonment. (Mot. Dismiss Ex. C (Decl. Jan Stopps ¶ 9), ECF No 11-3.) On March 30, 2007, Davis pled guilty to conspiracy to distribute and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 846(a)(1) and § 841(b)(1)(A), in the United States District Court for the Southern District of Iowa, and was sentenced to 255 months' imprisonment on November 5, 2007. (Id. Ex. C (Decl. Jan Stopps ¶ 8) ECF No. 11-3; Id. Ex. C (Decl. Jan Stopps. Attach. 3 (Judgment)), ECF No. 11-3.) Davis' state sentence was discharged on April 15, 2008, and he was then released to federal custody. (Id. Ex. C (Decl. Jan Stopps ¶¶ 13-14), ECF No. 11-3.)

Davis seeks prior custody credit for the following time periods: (1) November 15, 2005 through March 1, 2006, the date of his arrest through the date he was sentenced in state court, and (2) June 12, 2006 through December 10, 2007, the dates federal authorities borrowed Davis

from state custody on a writ of habeas corpus prosequendum.³ (Resp. Opp'n Mot. Dismiss 3, ECF No. 14.) However, both of these time periods have already been credited or applied toward Davis' state sentence. Davis received pretrial detention credit toward his state sentence for the first time period, (Mot. Dismiss Ex. C (Decl. Jan Stopps ¶ 9), ECF No. 11-3), and the second time period was applied toward his state sentence, (Id. Ex. C (Decl. Jan Stopps ¶ 15), ECF No. 11-3).

In his objections, Davis argues that he should receive prior custody credit toward his federal sentence because these time periods should count as "the same criminal episode" as his federal sentence. (Objs. 4-5, ECF No. 30.) However, Davis' state and federal convictions, while arising in part from the same conduct, are different offenses with different elements of proof. Further, Davis received separate sentences imposed at different times for these convictions. Accordingly, § 3585(b)'s prohibition on crediting time in custody that has already "been credited against another sentence," or "double counting," applies to Davis' sentences. 18 U.S.C. § 3585(b). Thus, Davis may not "double count" the pretrial detention credit and the time Davis sp ent in custody under the writ of habeas corpus ad prosequendum and receive prior custody credit under § 3585(b) toward his federal sentence.

Moreover, 18 U.S.C. § 3584(a) provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." The federal court did not order that Davis' federal sentence run concurrently with

---

³ Under a writ of habeas corpus ad prosequendum, a state prisoner is not transferred from state to federal custody, but is merely "on loan" to the federal authorities. See Williamson v. Pettiford, C.A. No. 8:07-3739-HMH-BHH, 2008 WL 2076664, at *3 n.5 (D.S.C. May 9, 2008) (citing Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992)).

his state sentence. (Id. Ex. C (Decl. Jan Stopps. Attach. 3 (Judgment)), ECF No. 11-3.) Thus, Davis' federal sentence is consecutive to his state sentence. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts the Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Respondent's motion, docket number 11, is granted. It is further

**ORDERED** that Davis' § 2241 petition, docket number 1, is dismissed without prejudice.

**IT IS SO ORDERED**.

                                      s/Henry M. Herlong, Jr.
                                      Senior United States District Judge

Greenville, South Carolina
November 1, 2018

## NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.